IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS RICHARD RILEY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1680 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Curtis Richard Riley filed a *pro se* section 2254 habeas petition challenging his conviction and sentence for third-degree felony driving while intoxicated. Respondent filed a motion for summary judgment (Docket Entry No. 9), to which petitioner filed an untimely response.[1] (Docket Entry No. 13.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner pleaded guilty to driving while intoxicated, third-degree felony, and was sentenced to fifteen years' incarceration pursuant to a plea bargain agreement on May 23, 2013. No direct appeal was taken. Petitioner filed an application for state habeas relief with

---

[1] In the interest of justice, the Court will consider petitioner's untimely-filed response. The Court notes that the response was not filed under penalty of perjury.

the trial court on November 15, 2013, which was dismissed as non-compliant by the Texas Court of Criminal Appeals on January 29, 2014. Petitioner's second application for state habeas relief, filed with the state trial court on April 7, 2014, was denied by the Texas Court of Criminal Appeals on May 14, 2014, without a written order.

Petitioner filed the instant federal habeas petition on June 11, 2014, claiming the following:

(1) Petitioner is entitled to relief under *Missouri v. McNeely*, __ U.S. __,133 S. Ct. 1552 (2013).

(2) Trial counsel failed to inform the Court that petitioner had been on private property, his residence, with proper identification.

(3) A sample of petitioner's blood was unlawfully taken in absence of an accident or any exigency.

(4) Had the State or his trial counsel informed petitioner of *Missouri v. McNeely*, he would have rejected any plea bargain offer.

Respondent argues that these claims are procedurally defaulted and/or without merit.

### The Applicable Legal Standards

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law

2

as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

3

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's

4

findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Procedural Default*

Within his second and fourth grounds for federal habeas relief, petitioner claims that trial counsel failed to "bring out" the fact that petitioner had been working in his yard prior to his arrest or to inform petitioner of the case law in *Missouri v. McNeely*, __ U.S. __, 133 S. Ct. 1552 (2013). Respondent counters that petitioner did not raise these claims in state court, and they are now procedurally defaulted and barred from consideration by this Court.

A petition for federal habeas relief will not be granted unless a petitioner has exhausted state court remedies or there is either (i) an absence of state court remedies or (ii) those remedies are insufficient to protect the petitioner's rights. 28 U.S.C. §§ 2254 (b)(1)(A), (B). To properly exhaust state remedies, a Texas state prisoner must give the Texas Court of Criminal Appeals a "fair opportunity" to act on his particular habeas claim by providing sufficient detail before presenting it to the federal courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A "fair opportunity" requires a petitioner to present the substance of his claim to the state courts, apprising the state courts of the same facts and

legal theories that the petitioner urges in his federal petition. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

A review of petitioner's application for state habeas relief reveals no claims for ineffective assistance of trial counsel. Petitioner raised the following claims in his state habeas proceeding:

> GROUND ONE: In re Supreme Court of the United States Syllabus *Missouri v. McNeely*
>
> FACTS SUPPORTING GROUND ONE: 1– Court of Missouri No. 11-1425 argued January 9-2013 decided April 17, 2013.
>
> Justice Sotomayor delivered the opinion of the court with respect to part I II-A, II and IV concluding that in drunk driving, investigation, the natural dissipation of alcohol in bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant to be from unreasonable search of his person, violation of the Constitution.

*Ex parte Riley*, p. 7. As is shown, petitioner did nothing more than cite the *McNeely* case and give a one-sentence synopsis of its holding. He made no reference to his own case or set forth facts applying *McNeely* to his case, nor did he assert any actions or failures to act regarding trial counsel.

In his second state habeas claim, petitioner presented the following:

> GROUND TWO: I was on private property, my resident [*sic*] with proper I.D. to prove it.
>
> FACTS SUPPORTING GROUND TWO: The arresting police officer never say [*sic*] me driving or operating a vehicle I had been working in my yard, for about an hour and a half when the officer stopped in front of my house, and inform [*sic*] me of the allegation[.]

6

*Id.*, p. 9. Again, no reference to trial counsel is made.

In his third state habeas ground, petitioner stated:

GROUND THREE: There was collution [*sic*] involved.

FACTS SUPPORTING GROUND THREE: Fed-Ex driver collarated [*sic*] with police, and said I was swirling [*sic*] on the road, because he asked me about the Fed-Ex driver.

*Id.*, p. 11. To any extent these allegations may have raised a cognizable habeas claim, they did not raise a claim for ineffective assistance of counsel.

In his fourth state habeas claim, petitioner alleged that:

GROUND FOUR: Taking my blood where there were no no [*sic*] exigency exissted [*sic*]

FACTS SUPPORTING GROUND FOUR: I was not informed of any accident in which I was involved in or injury that I might have cause [*sic*]. After I refuse [*sic*] to sign a statement giving them the right to take my blood, I was put in the back of a police car, taken to a hospital where three attendant [*sic*] were waiting and held down while blood was taken from me, while still handcupped [*sic*].

*Id.*, p. 13. Again, no allegations are set forth as to trial counsel's performance.

In a fifth and final state habeas claim, petitioner complained that he had been denied a hearing on his motions for discovery and suppression, which he stated were filed on April 25, 2013. He further complained that:

If the DA would have informed me about ruling no. 11-14 [*sic*] I would never had let them intertain [*sic*] me with a plea bargain, because I knew without blood evidence they would not have convicted me. The ruling came down April 17, 2013. They sentence [*sic*] me around or on May 13, 2013. This ruling from Supreme Court Missouri vs McNeely No-11-1425.

7

*Id.*, pp. 15–16. Petitioner complains of failures to disclose by the State, but makes no ineffective assistance assertions against trial counsel.

These excerpts show that petitioner did not raise claims of ineffective assistance of trial counsel in his state proceeding. Consequently, his claims for ineffective assistance of trial counsel are procedurally defaulted and barred from consideration at this juncture. A court may consider a defaulted ground for habeas relief only if the petitioner shows good cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A "miscarriage of justice" means that the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner here fails to argue, much less establish, cause and prejudice, and he has not shown that he is actually innocent of the crime to which he pleaded guilty. He argues, instead, that there is no procedural default because this Court is under a constitutional duty to hold his state and federal pleadings "to [a] less stringent summary judgment dismissal standard." (Docket Entry No. 13, pp. 6–7.) He contends that this purported "lower standard" requires this Court to assume that his state and federal pleadings had intended to challenge trial counsel's performance. The Court declines to accept petitioner's invitation to essentially rewrite his state and federal habeas pleadings. Although a court is required to liberally

8

construe a *pro se* litigant's pleadings, it is under no constitutional obligation to fashion new or better arguments from old or inadequate ones. *See Jones v. Alfred*, 353 F. App'x 949, 950 (5th Cir. 2009) ("[O]ur responsibility to construe *pro se* filings liberally does not mean that we will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing.") (internal citation and quotation marks omitted). For these reasons, petitioner's claims of ineffective assistance of trial counsel are barred from consideration by this Court, and respondent is entitled to summary judgment dismissal of the issues.

### *Involuntary Plea*

Petitioner claims that his guilty plea was involuntary because he was not informed of the *McNeely* decision. He argues that, had he been made aware of the decision, he would not have pleaded guilty.

Petitioner was charged with, and pleaded guilty to, "DWI 3RD OFFENDER BAC .08," indicating a blood alcohol concentration of not less than .08. (Docket Entry No. 7-3, p. 39.) Underlying petitioner's argument is his belief that his blood alcohol draw was unconstitutional pursuant to *Missouri v. McNeely*, ___ U.S. ____, 133 S. Ct. 1552 (2013). In *McNeeley*, the Supreme Court held that the need for a warrant to obtain blood in connection with an arrest for driving while intoxicated must be determined on a case by case basis under the totality of the circumstances. The Court observed that the fact that alcohol

9

is metabolized does not create *per se* exigent circumstances. The *McNeely* decision was issued a few weeks before petitioner entered his guilty plea.

Contrary to petitioner's argument, the *McNeely* Court did not rule that a blood sample taken in absence of an accident, witnesses, or a warrant was *per se* unlawful or inadmissible. To the contrary, the *McNeely* Court made clear that the constitutionality of a warrantless blood alcohol test would be determined on the facts of each case. The record before this Court does not establish the factual circumstances surrounding petitioner's blood alcohol testing, other than the blood sample being obtained without petitioner's consent. Nor may this Court rely on the allegations put forth by petitioner in his affidavit, as the affidavit was not presented to the state court:

> Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time – *i.e.*, the record before the state court.

*Cullen v. Pinholster*, 563 U.S. 170, ___, 131 S. Ct. 1388, 1392 (2011).

Additionally, the record is devoid of any facts establishing that, or how, *McNeely* would have affected the outcome of petitioner's criminal prosecution. Petitioner's opinion that "the State could not prove its case" in absence of the blood alcohol concentration evidence stands as a conclusory allegation unsupported in the record, and is insufficient to meet his burden of proof under AEDPA.

10

Regardless, a guilty plea under Texas law waives all non-jurisdictional defects in the proceedings except as to claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Petitioner's ineffective assistance allegations were procedurally defaulted and cannot be considered here. Even so, the Court notes that petitioner acknowledged in his pleadings that his trial counsel did not believe the trial court would have granted a motion to suppress based on *McNeely*. Thus, petitioner's own pleadings show that he was aware of *McNeely* and was advised by counsel that it would not aid his defense.

Petitioner's claims of an involuntary plea are without merit, and respondent is entitled to summary judgment dismissal of the claims.

### *Fourth Amendment Claim*

Petitioner contends that the taking of his blood sample was an unlawful search and seizure in violation of his Fourth Amendment protections. This claim affords petitioner no basis for federal habeas relief.

As discussed above, once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived, except those claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *Glinsey*, 209 F.3d at 392. Thus, petitioner's claim regarding the lawfulness of his blood sample is a non-jurisdictional issue that was waived by his guilty plea.

11

Regardless, petitioner's claim is barred from consideration at this juncture by *Stone v. Powell*, 428 U.S. 465, 482 (1976). Under *Stone*, where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was used against him. That a defendant did not avail himself of the opportunity to litigate the issue is of no consequence. *ShisInday v. Quarterman*, 511 F.3d 514, 525 (5th Cir. 2007).

Respondent is entitled to summary judgment dismissal of petitioner's Fourth Amendment claims.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED, and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on September 1, 2015.

_____
Gray H. Miller
United States District Judge